JOHN JACKSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed February 15, 1916.

1. In a prosecution for murder proffered testimony by the defendant that the Justice of the Peace who conducted the preliminary examination of the defendant permitted him to give bond, awaiting the action of the grand jury, is properly excluded as being immaterial.

2. When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial, and there is

evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence.

Writ of Error to Circuit Court, Walton County; C. L. Wilson, Judge.

Judgment affirmed.

*S. K. Gillis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—John Jackson was indicted and tried for the crime of murder in the first degree and convicted of murder in the second degree.

The first and second assignments of error are as follows:

"1.  The court erred in refusing to allow the plaintiff in error to introduce evidence that the Justice of the Peace who conducted the preliminary examination allowed him to give bond to await the action of the Grand Jury.

2.  The court erred in striking from the testimony the evidence that the plaintiff in error had been allowed by the Justice of the Peace who conducted his preliminary examination to give bond awaiting the action of the Grand Jury."

We find that the defendant was sworn as a witness in his own behalf and the following proceedings then took place: "I know Mr. Hilson.  Q.  When he sent you down here to jail, state whether or not he said you could give bond.  A.  Yes sir.  Mr. D. Stuart Gillis:  I

object. I don't think that is material. The Court: Who said so? Mr. S. K. Gillis: The justice of the peace. The Court: I don't think that is material. I don't see how that testimony could affect the trial as to what some justice of the peace did in his court. To which ruling the attorney for the defendant did then and there except."

It will be observed that the witness answered the question before any objection was interposed thereto and it does not appear that any motion was made to strike the answer. We think that the trial judge was correct in stating that such testimony was not material. It is sufficient to say that these two assignments have not been sustained.

The third and only remaining assignment is based upon the overruling of the motion for a new trial, the grounds of which question the sufficiency of the evidence to support the verdict. We have carefully read the transcript of the record and are of the opinion that the evidence is amply sufficient. As we held in Maples v. State, 68 Fla. 87, 66 South. Rep. 423, following numerous prior decisions of this court: "When the trial court concurs in the verdict rendered by a jury by denying the motion for new trial, and there is evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence.

Judgment affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and EL-
LIS, JJ., concur.